IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | |
| JOSE ANTONIO GONZALEZ : | CRIMINAL NO. 19-453 |

MEMORANDUM

SCHMEHL, J.  /s/ JLS                                                                OCTOBER  10, 2024

      Defendant was charged with one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The Defendant entered into a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Under the terms of the agreement, Defendant agreed to plead guilty to all charges. The parties agreed that the appropriate sentence was 96 months' imprisonment. The Probation Office found that the total offense level was 21. Defendant had six prior convictions that resulted in a total of 9 criminal history points. This placed him in criminal history category IV. At an offense level of 21, his guideline range on the drug counts was 57 to 71 months. With the mandatory consecutive sentence of 60 months on the 924(c) count, his total range was 117 to 131 months. At the sentencing hearing on September 21, 2020, the Court adopted the guideline range in the Presentence Report and imposed the recommended term of imprisonment of 96 months consisting of 36 months on the drug and 922(g) counts, and a consecutive sentence of 60 months on the 924(c) count. Presently

1

before the Court is the Defendant's *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. For the reasons that follow, the motion is denied.

A court may reduce a defendant's sentence if the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To determine whether an amendment warrants such a retroactive reduction, the Court must first consider whether the reduction is consistent with "applicable policy statements issued by the Sentencing Commission" in U.S.S.G. § 1B1.10. *Id.* If the Court finds that the reduction is consistent with relevant policy statements, the Court should consider the factors in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Prior to the adoption of Amendment 821[1], an offender was given 2 additional criminal history points—commonly referred to as "status points"—if he committed the underlying offense(s) while under a criminal justice sentence. Pursuant to Part A of Amendment 821, an offender with 7 or more criminal history points now receives only 1 status point and an offender with 6 or fewer criminal history points no longer receives any status points. U.S.S.G. § 4A1.1. Defendant, however, was not assigned any status points. The 9 criminal history points he was assigned were solely the result of his six prior convictions. Therefore, Part A of Amendment 821 is not applicable.

To the extent Defendant argues that he is entitled to a reduction of sentence pursuant to Part B of Amendment 821 that creates a new guideline, U.S.S.G. § 4C1.1 (Adjustment for Certain Zero-Point Offenders), the "zero-point" provision only applies to a defendant who has no criminal history points under the established provisions of the Guidelines and does not fall

---

[1] Amendment 821 to the United States Sentencing Guidelines went into effect on November 1, 2023 and applies retroactively, *see* U.S.S.G. § 1B1.10(a)(1), (d), cmt. 7.

within one of the exceptions to relief listed in the guideline. If the defendant is eligible, the defendant's total offense level under Chapters Two and Three of the Guidelines is reduced by two levels, unless the defendant falls within one of the exceptions to relief listed in the guideline. One of the exceptions listed in the guideline is for crimes in which a firearm is used in connection with the offense. U.S.S.G. § 4C1.1(a) (7).

      Here, not only does Defendant have nine criminal history points (based on his six prior convictions), he possessed a firearm in furtherance of drug-trafficking and therefore falls within one of the exceptions in the guidelines and does not qualify for the zero-point reduction. Accordingly, Defendant's motion for reduction of sentence is denied.